O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMBERT,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 2:19-cv-04969-JGB-KES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

## I.
## INTRODUCTION

On June 7, 2019, the Court received a filing from Petitioner Aaron Lambert ("Petitioner") captioned, "Motion Requesting Judicial Recommendation of (12) Months Community Confinement Placement." (Dkt. 1.) Petitioner explained that he is a federal prisoner currently incarcerated at the Metropolitan Detention Center ("MDC") in Los Angeles, California, with a projected release date of December 2020. (Id. at 1.) Petitioner seeks a judicial recommendation under 18 U.S.C. § 3621(b) that he spend that last year of his prison term in a Residential Reentry Center ("RRC") in Henderson, Nevada, so that he can attend classes at the College

of Southern Nevada starting in January 2020. (Id. at 1-2.)

On June 11, 2019, the Court issued an order requiring Petitioner to file notice clarifying the relief he sought, on or before July 11, 2019. (Dkt. 3.) Although the Court Clerk had docketed Petitioner's filing as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, it was unclear whether Petitioner intended to (1) file a § 2241 petition challenging the location of his imprisonment, or (2) move the sentencing court for a recommendation that in December 2019, the Bureau of Prisons ("BOP") transfer him to an RRC near Henderson, Nevada. (Id. at 2.) The Court advised: "Failure to file a timely response to this order may result in the involuntary dismissal of this action." (Id.)

On June 26, 2019, mail directed to Petitioner containing documents from the Clerk's office was returned to the Court as undeliverable because "name and number do not match." (Dkt. 4.) It appeared that this return occurred because the Court's online system, CM/ECF, listed an incorrect Register Number for Petitioner. On June 28, 2019, the Court resent its order requiring clarification and sua sponte extended Petitioner's deadline to respond to July 29, 2019. (Dkt. 5.) On July 1, 2019, the order requiring clarification, initially sent under Petitioner's incorrect Register Number, was also returned as undeliverable because "name and number do not match." (Dkt. 6.)

Per the BOP inmate locator, Petitioner is still incarcerated at MDC in Los Angeles and his projected release date is December 2020 (i.e., he should have received the order for clarification resent with the correct Register Number). See https://www.bop.gov/inmateloc/. Nevertheless, Petitioner never responded.

## II.
## DISCUSSION

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-

30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Local Rule 41-1 provides that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to Respondent; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226-28, 1234-52 (9th Cir. 2006); Gibbs v. Hedgpeth, 389 F. App'x 671, 673 (9th Cir. 2010) (applying five factors in habeas proceeding). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

Here, the five factors support dismissal of the action for want of prosecution, based on Petitioner's failure to comply with the Court's order requiring clarification regarding the nature of the relief sought. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor—the Court's need to manage its docket—also supports dismissal. Petitioner's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted). Petitioner's inaction frustrates the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket.

The third factor—prejudice to Respondent—supports dismissal. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the [respondent] from the failure …

3

The law presumes injury from unreasonable delay." Southwest Marine, Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (citing Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994)).

The fourth factor—availability of less drastic sanctions—favors dismissal. As explained above, Petitioner has failed to respond to the Court's order requiring clarification. It also does not seem like Petitioner intended to seek habeas relief in this Court. His filing does not appear to challenge the legality of his conviction or sentence; rather, he apparently seeks a transfer. Under 18 U.S.C. § 3621(b), BOP determines the place of a federal prisoner's imprisonment, but the BOP considers multiple factors including "any statement by the **court that imposed the sentence** – (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4) (emphasis added). Because this Court did not impose Petitioner's sentence, it cannot grant the relief he appears to request.

The fifth factor—public policy favoring a disposition of an action on its merits—weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The impact of that factor is mitigated here, however, because it is apparent from the face of his filing that Petitioner is not entitled to relief in this Court; his request should be directed to the sentencing court.

Since four of five enumerated factors support dismissal, it is recommended that this action be dismissed pursuant to Rule 41(b) and Local Rule 41-1. Local Rule 41-2 states that, "[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice." See also Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," a dismissal pursuant to Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits absent exceptions that are not relevant here). In general, a court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P.

4

41(b); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the circumstances, action is dismissed in its entirety without prejudice.

### III.
### CONCLUSION

For the foregoing reasons, this action is hereby dismissed in its entirety without prejudice.

DATED: August 14, 2019

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE